UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JANET MORGAN,

    Plaintiff,

v.                                                                              CASE NO. 5:10-CV-00358-Oc-32JBT

LCT TRANSPORTATION, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Joint Stipulation for Dismissal with Prejudice ("the Stipulation") (Doc. 13). Plaintiff brought this suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("the FLSA"), seeking, *inter alia*, unpaid overtime compensation. (Doc. 1.) In the Stipulation, the parties indicate that they have reached a settlement and request that the Court dismiss the case with prejudice. (Doc. 13.) Further, they stipulate that "Plaintiff is receiving full damages without compromise." (*Id.*)

In general, strong public policy favors the voluntary settlement of lawsuits. *See, e.g.*, *Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1072-73 (11th Cir. 2005); *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010); *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 490 (6th Cir. 2010). However, fearing the often widely disparate bargaining power that typically exists between employers and employees,[2] Congress made the FLSA's provisions mandatory, i.e., "not subject to negotiation or

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] This threat would seem to be mitigated considerably in situations like the present, where the employee is represented by counsel.

bargaining between employers and employees." *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). Thus, before a court may dismiss an FLSA case based on the parties' settlement, the court must generally determine that the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." *Id.* at 1353, 1355.

However, some courts have stated that "[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement." *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GKJ, 2009 WL 2371407, at *4 n.6 (M.D. Fla. Aug. 4, 2009) (citation omitted); *see also King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007) ("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

As noted, in the present Stipulation, the parties state that "Plaintiff is receiving full damages without compromise" and, specifically, that "Plaintiff has been paid full overtime damages, including liquidated damages in the total amount of $659.34 ($329.67 Actual Damages, $329.67 Liquidated Damages)." (Doc. 13.) However, the parties also disclose that Plaintiff is receiving a payment of "$9,340.66 for the value of general release of all claims," including a pending EEOC charge, and that Plaintiff's counsel is receiving "$3,500.00 in attorney's fees and costs." (*Id.*) Upon review of the parties' papers and the remainder of the file, the Court accepts the parties' stipulation that Plaintiff is receiving full compensation for her FLSA claim, without compromise. Given the settlement amounts involved, this appears to be a case in which the FLSA dispute is a relatively minor portion

monetarily of Plaintiff's overall dispute with Defendant.  This weighs in favor of accepting the parties' stipulation that there has been no compromise of Plaintiff's FLSA claim.  Therefore, the Court will recommend that the settlement be approved and the case be dismissed with prejudice.[3]

Accordingly, it is respectfully **RECOMMENDED** that:

The settlement be approved and the case be dismissed with prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on November 4, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:   The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

---

[3] Since there has been no compromise of Plaintiff's FLSA claim, there is no reason to believe that the attorney fee portion of the settlement affected Plaintiff's recovery.  Therefore, there is no reason to scrutinize the fee.  *Bonetti*, 2009 WL 2371407, at *4 n.6.